UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marc Dallon,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Nuveen Services, LLC,<br><br>　　　　　　Defendant. | Case No. 0:23-cv-00253<br><br>**DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION FROM STATE COURT** |

Defendant Nuveen Services, LLC ("Defendant") by its attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the above-titled action to this Court from Hennepin County District Court, Fourth Judicial District, Minnesota. In support of this Notice of Removal, Defendant states as follows:

## PROCEDURAL BACKGROUND IN STATE COURT

1.　On January 11, 2023, Plaintiff Marc Dallon initiated an action in the County of Hennepin District Court, Fourth Judicial Circuit, Minnesota, titled *Marc Dallon v. Nuveen Services, LLC* by serving a copy of the Summons and Complaint upon Defendant.

2.　In connection with the termination of his employment, Plaintiff alleges claims for retaliation under the Minnesota Whistleblower Act and common law wrongful discharge.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the state court docket sheet, including all other pleadings, orders, papers, or exhibits now on file with the state court, are attached as Exhibit A. Other than Exhibit A, Defendant is not aware of any other "processes, pleadings, and orders" in the state court action. *See* 28 U.S.C. § 1446(a).

4. There have been no court appearances or proceedings to date in the state court matter.

## TIMELINESS OF REMOVAL

5. In order to be timely, a Notice of Removal must be filed within thirty days of service. *See* 28 U.S.C. § 1446(b) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal"); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56 (1999) (stating that thirty-day removal period begins when defendant is formally served).

6. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days after Defendant's receipt of a copy of Plaintiff's initial pleading setting forth the claims or relief upon which this action is based.

## DIVERSITY OF CITIZENSHIP IS PRESENT

7. This action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The requirements of 28 U.S.C. § 1332(a) have been met because, as detailed below, there is complete diversity between the parties and the amount in controversy exceeds $75,000.

### A. Plaintiff is a Citizen of Minnesota

8. For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) ("For purposes of diversity jurisdiction, the terms 'domicile' and 'citizenship' are synonymous."). "To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely." *Id.*; *Bruton v. Shank*, 349 F.2d 630, 632 (8th Cir. 1965) (citing *Spurgeon v. Mission State Bank*, 151 F.2d 702 (8th Cir. 1945)) ("It is clear that what is required is one's physical presence at the place of domicile claimed and the intention of making such place his present home"). In addition, various other types of objective facts can establish Plaintiff's intent and state of domicile, including place of employment. *Blattner Energy, Inc. v. Jones*, No. 19-CV-2681 (WMW/LIB), 2020 WL 2848181, at *3 (D. Minn. June 2, 2020) (citing *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017)).

9. In his Complaint, Plaintiff alleges that he resides in Edina, Minnesota. (Exhibit A, Complaint at ¶¶ 5, 9.) He further alleges that he worked in Defendant's Minneapolis, Minnesota office until the onset of the COVID-19 pandemic in March 2020, after which he worked remotely from his home. (*Id.*)

10. Accordingly, Plaintiff was, at all relevant times, and still is, a citizen of the State of Minnesota.

### B. Defendant is Not a Citizen of Minnesota

11. "[A] limited liability company's citizenship is the citizenship of each of its members." *Little Otters of Love, LLC v. Rosenberg*, 724 Fed.Appx. 498 (8th Cir. 2018).

12.     Defendant Nuveen Services, LLC is, and has been at all times since this action commenced, a limited liability company organized under the laws of the State of Delaware. (*See* Declaration of Amanda Muehlhausen ("Muehlhausen Decl."), ¶ 2.) As a limited liability company, Defendant Nuveen Services, LLC's citizenship depends on the citizenship of its members. *Little Otters of Love, LLC*, 724 Fed.Appx. at 498.

13.     Defendant Nuveen Services, LLC's only member is Nuveen, LLC. (Muehlhausen Decl. at ¶ 3.) Nuveen, LLC is also a limited liability company organized under the laws of the State of Delaware. (*Id.* at ¶ 4.) As a limited liability company, Nuveen, LLC's citizenship similarly depends on the citizenship of its members. *Little Otters of Love, LLC*, 724 Fed.Appx. at 498.

14.     The only member of Nuveen, LLC is Teachers Insurance and Annuity Association of America, a life insurance company with its headquarters and principal place of business in New York.[1] (Muehlhausen Decl. at ¶ 5.)

15.     Thus, Nuveen, LLC, and, in turn, Defendant Nuveen Services, LLC, are citizens of the States of New York.

---

[1] Pursuant to 28 U.S.C. section 1332(c)(1), "for purposes of this subsection and section 1453 [28 U.S.C. § 1453], [a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." To determine a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Id.*

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because Plaintiff seeks remedies far in excess of the seventy-five-thousand-dollar ($75,000) threshold. As the proponent of federal jurisdiction, the removing party "bears the burden of proving that the jurisdictional threshold is satisfied." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). The "relevant jurisdictional fact" the removing party must prove here is "whether a fact finder might legally conclude" that "the damages are greater than the requisite amount." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). The removing party must prove this fact by a preponderance of the evidence. *Bell*, 557 F.3d at 956.

17. Once the removing party carries its burden, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Id.* To meet this "legal certainty" standard, the plaintiff must show that the jurisdictional amount could not be recovered "as a matter of law" or that "no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents." *Kopp*, 280 F.3d at 885.

18. "In some cases," the removing defendant will need "to provide additional evidence demonstrating that removal is proper" to satisfy the burden. *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1063 (11th Cir. 2010)). "In other cases, however, it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," and "the court itself may be better-situated to accurately assess"

whether this is so. *Id.* A court may "employ[ ] its judicial experience or common sense" to ascertain whether the relevant jurisdictional fact is present. *See id.*; *see also Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017) (per curiam) (noting that the amount in controversy may be established by "specific factual allegations ... combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations").

19.   In this case, a reasonable fact finder would conclude the damages are greater than the requisite amount. In Plaintiff's Complaint, he requests back pay, front pay, deferred compensation, and emotional distress damages. (Complaint at ¶ 58.)

20.   At the time his employment ended, Plaintiff's annual salary was $200,000. (Muehlhausen Decl. at ¶ 6.) He further alleges he was entitled to unvested equity awards under Defendant's Long Term Performance Plan valued at approximately $260,000. (Complaint at ¶ 20.)

21.   Based on Plaintiff's annual salary and his alleged entitlement to equity awards, his potential damages in this case easily exceed $75,000 and meet the jurisdictional amount in controversy requirement in this district. *See, e.g., Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020) (citing *Kopp*, 280 F.3d at 885; *Angus*, 989 F.2d at 146 (concluding similarly even though plaintiff only pleaded damages "in excess of" eighty percent of the jurisdictional threshold because "a reasonable jury likely could have valued [plaintiff's] losses" as exceeding *on other grounds by Meridian Sec. Ins. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006) (finding the jurisdictional threshold met even though the complaint "asked only for damages 'in excess of' " thirty percent of the threshold)).

## CONCLUSION

22. Because this action is between citizens of different states and the amount in controversy plausibly exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

23. Because this action is pending in the County of Hennepin District Court, Fourth Judicial Circuit, Minnesota, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

24. Prompt written notice of this timely Notice of Removal is being sent to Plaintiff through his counsel and to the Clerk of the Court for the County of Hennepin District Court, Fourth Judicial Circuit, Minnesota, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Defendants' Notice of Removal is attached as Exhibit B.

25. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, certifies that Defendants' factual allegations have evidentiary support and their legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

**FAEGRE DRINKER BIDDLE & REATH LLP**

| | |
|---|---|
| Dated: February 1, 2023 | /s/ *Terran C. Chambers* |

Charles F. Knapp, MN Atty #0220371
Terran C. Chambers, MN Atty #0396415
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: *Chuck.Knapp@FaegreDrinker.com*
Email: *Terran.Chambers@FaegreDrinker.com*

*Attorneys for Defendant Nuveen Services, LLC*